United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60881
Summary Calendar

_____

PAIMAN KARIMI,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 925 724
---------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Paiman Karimi petitions this court for review of the
decision of the Board of Immigration Appeals (BIA) denying him
asylum, withholding of removal, and protection under the
Convention Against Torture (CAT).  Because the BIA both adopted
the reasoning of the immigration judge (IJ) and added reasons of
its own, we review both decisions.

We do not have jurisdiction to review the discretionary
determination of the IJ and the BIA that Karimi's asylum

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application was untimely.  See 8 U.S.C. § 1158(a)(3).  The petition for review is thus dismissed as to the claims concerning asylum.

We will uphold the conclusion that an alien is not eligible for withholding of removal if that conclusion is supported by substantial evidence.  Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).  The substantial evidence standard requires that the decision be based on the record evidence and that the decision be substantially reasonable.  Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).  Under this standard, we will affirm the decision unless the "evidence compels a contrary conclusion." Id.

We need not address Karimi's argument concerning the adverse credibility decision, because the IJ and the BIA alternatively determined that Karimi's one encounter with Iranian authorities failed to establish past persecution.  This decision is supported by substantial evidence.  See, e.g., Abdel-Masieh v. INS, 73 F.3d 579, 584 (5th Cir. 1994); Fleurinor v. INS, 585 F.2d 129, 133-34 (5th Cir. 1978).  Substantial evidence also supports the conclusion that Karimi has not shown that he will be singled out for persecution if he returns to Iran or that there is a pattern or practice of discrimination against Christians sufficient to establish future persecution.  See 8 C.F.R. § 208.16(b)(1), (2); Zhao v. Gonzales, 404 F.3d 295, 307 (5th Cir. 2005).

Karimi has not specifically addressed the finding that he is not entitled to relief under the CAT. As such, the claim is waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Karimi has not shown his entitlement to withholding of removal or relief under the CAT, he cannot show that counsel's alleged ineffectiveness affected the outcome of his case. See Miranda-Lores v. INS, 17 F.3d 84, 85 (5th Cir. 1994). Karimi's petition for review is denied in part.

PETITION DISMISSED IN PART AND DENIED IN PART.